# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No: _____ |
| | : | |
| | : | 18 U.S.C. §1512(c)(2) |
| | : | (Obstruction of Congressional Proceeding) |
| | : | |
| v. | : | 18 U.S.C. §§ 1752(a)(1) and (a)(2) |
| | : | (Unlawful Entry) |
| **MATTHEW EUGENE LOGANBILL** | : | |
| | : | 18 U.S.C. § 2(a) |
| Defendant. | : | (Aiding and Abetting) |
| | : | |
| | : | 40 U.S.C. §§ 5104(e)(2)(D) and 5104(e)(2)(G) |
| | | (Violent Entry or Disorderly Conduct) |

## MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrant in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion. In support thereof, the government states as follows:

1. The United States is investigating allegations that Matthew Loganbill willfully and knowingly entered the United States Capitol on January 6, 2021 without legal authority, interfered with the police during a civil disturbance, attempted to obstruct a congressional proceeding, and demonstrated and engaged in disorderly conduct in the Capitol, in violation of 18 U.S.C.§1512(c)(2), 18 U.S.C. §§ 1752(a)(1) and (a)(2), and 40 U.S.C. §§ 5104 (e)(2)(D) and (G).

2.       The Affidavit in Support of Criminal Complaint requests the arrest of Mr. Loganbill and references evidence gathered in the course of the investigation, including the use body worn camera footage and social media accounts.   Public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendant, which also may lead to the destruction of evidence in other locations including the digital device.   Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

3.       As stated in <u>Washington Post v. Robinson</u>, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings.   But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'"   <u>Id.</u> at 290 (quoting <u>Oregonian Pub. Co. v. United States Dist. Court</u>, 920 F.2d 1462, 1466 (9th Cir. 1990)).

4.       In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant.   A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest, and limited until the defendant is arrested.

4.       Furthermore, the United States respectfully submits that complying with the normal notice requirements of <u>Washington Post</u> would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order,

2

means that the defendant is charged with a crime, and the Government intends to arrest her. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

                                              Respectfully submitted,

                                              CHANNING D. PHILLIPS
                                              ACTING UNITED STATES ATTORNEY

Date: March 16, 2021                        By: */s / Tejpal Chawla*
                                                     Tejpal S. Chawla
                                                     Assistant United States Attorney
                                                     D.C. Bar No. 464012
                                                     United States Attorney's Office
                                                     555 Fourth Street, N.W.
                                                     Washington, D.C. 20530
                                                     202-252-7280
                                                     tejpal.chawla@usdoj.gov